UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER GOGGIN,
c/o Croskery Law Offices
810 Sycamore Street
Cincinatti, OH 45202

    Plaintiff,          CIVIL ACTION NO. 8:13-CV-02068

vs.

JOHN HIGGINS IV
10518 N Otis Ave
Tampa, FL 33612

    Defendant,

    and

BAYCARE HEALTH SYSTEM, INC.
16255 Bay Vista Drive
Clearwater, FL 33760
c/o Registered Agent
   Scott Kizer
   16255 Bay Vista Drive
   Clearwater, FL, 33760

    Defendant.
_____/

**DEFENDANT JOHN HIGGINS IV'S MOTION TO DISMISS COUNT IV OF PLAINTIFF'S COMPLAINT**

Defendant, JOHN HIGGINS, IV, (Higgins) pursuant to Federal Rule of Civil Procedure 12 (B) (6) moves to dismiss Count IV of the above referenced cause, which count applies exclusively and solely to him. In support of this motion, Higgins files the following memorandum of law.

## MEMORANDUM OF LAW

### I. INTRODUCTION AND BACKGROUND

On August 12, 2013, Plaintiff filed a five-count lawsuit against both defendant Bay Care Health System and Higgins. In her complaint, Plaintiff alleges one claim against Higgins, Count Four; Intentional Infliction of Emotional distress, (hereinafter IIED). On August 14, 2013, Plaintiff served upon Higgins a request to waive service of summons, which Higgins executed on August 23, 2013. This responsive pleading ensues.

### II. ARGUMENT

*Lopez v Target*, 676 F. 3d 1230 (11th Cir. 2012) illumines on plaintiff's purported theory of recovery in this action. In that case, the Eleventh Circuit of the United States Court of Appeals upheld the trial court in its dismissal of Plaintiffs IIED claim. It laid out the applicable law for this matter, namely that a Federal Court assessing a state law claim is to look to Florida law to determine the viability of the IIED claim.

Florida has adopted *Section 46 of the Restatement (Second) of Torts* as the appropriate standard. It states that the requisite or gravamen of this offense is satisfied when one has, by extreme or outrageous conduct, intentionally or recklessly caused severe emotional distress to another. It is required that the conduct exceed all possible bounds of decency, be truly atrocious, and utterly intolerable to a civilized community.

As of 2012 and the Lopez decision, the Florida Supreme Court had been silent as to the proper constitution of an IIED claim, beyond its acceptance of the above-referenced principle as expressed in *Metropolitan Life Insurance Co. v. McCarson, 467 So2d 278 (Fla. 1985).*

The District Courts of Appeal in Florida courts have been reluctant to find claims for intentional infliction of emotional distress based solely on allegations of verbal abuse, See, *De La Campa v. Grifols Am. Inc. 819 So. 2d 940. (Fla. 3d DCA, 2002)*

*Worldwide Flights Servs. Inc., 877 So. 2d 869 (Fla. 3d DCA , 2004)* and *Lay v. Roux Labs.,Inc., 379 So.2d 451, (Fla 1st DCA 1980)* provide the plaintiff in this case no support for her claims that the purported conduct of Mr. Higgins is an IIED. In the former, the 3d DCA held that mere insults, indignities threats or false accusations, even while reprehensible, failed to rise to the level of recoverable outrage. In the latter case, the 1st DCA held that vicious verbal attacks which included the use of humiliating language and the use of epithets did not reach the level of outrageousness required for an IIED count.

*Johnson v Thigpen, 788 So. 2d 410 (1st DCA, 2001)* was a case involving sexual allegations where the conduct complained of **was** found to have constituted IIED. However, one can easily distinguish the generic, vague and conspicuously un-detailed, almost boilerplate, claims in the plaintiff's complaint which fall facially short of Johnson and the inferred standard set therein.

3

Plaintiff alleges that Higgins: placed lingerie and body paint in her desk; offered to share pornography with her; grabbed or tried to grab her buttocks, summoned her into a closed office and made advances and innuendo. Plantiff lays these allegations out in Counts 6, 7 and 8.

Contrast this with the allegations in *Thigpen* where the plaintiff was: told to "get down on his (defendant's) hog and honk it"; told, "You want me to put my hog in your mouth"; told, "come in here and give me some head"; and told to give the defendant's client a "mercy f--k"

Plaintiff pleads nothing in her complaint and in her cause of action to get by the scrutiny imposed and imputed by Rule 12 b 6. She has neither stated, nor functionally integrated into a cognizable claim, the following four elements required under Florida law; deliberate or reckless infliction of mental suffering; outrageous conduct; a causation of emotional distress; severe distress. *See, Metropolitan Life Insurance Co. v. McCarson, 467 So 2d 277 (Fla. 1985) ; Dependable Life Ins. Co. v. Harris, 510 So. 2d 985, (Fla 5th DCA 1987)*.

As Plaintiff has failed to sufficiently plead her claims for the intentional infliction of emotional distress as required under Federal Rule of Civil Procedure 8(a), her claim should be dismissed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been electronically e-mailed to rcroskery@croskerylaw.com this 4th day of November, 2013.

/s/ Joseph T. Hobson
Joseph T. Hobson, Esquire
HOBSON LAW FIRM, P.A.
2790 Sunset Point Road
Clearwater, FL 33759
joehobson@hobsonlawfirm.com
PH: 727-230-6930
FAX 813-814-9316
FBN 507600