**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JENNIFER GOGGIN,

      Plaintiff,

v.   Case No.  8:13-cv-2068-T-24 EAJ

JOHN HIGGINS IV and BAYCARE
HEALTH SYSTEM, INC.,

      Defendants.
_____/

## ORDER

This cause comes before the Court on Defendant Higgins' Motion to Dismiss Count IV. (Doc. No. 23).  Plaintiff opposes the motion.  (Doc. No. 24).  As explained below, the motion is granted.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the

complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II.  Background**

Plaintiff Jennifer Goggin alleges the following in her complaint (Doc. No. 1): Plaintiff was employed by Defendant BayCare Health System, Inc. ("BayCare") as a merchandise buyer. Plaintiff's supervisor was Defendant John Higgins.

Plaintiff contends that Higgins sexually harassed her and subjected her to unwanted sexual advances. Specifically, on one occasion, Higgins placed lingerie and body paints in Plaintiff's desk. On another occasion, Higgins offered to share pornography with her. Additionally, Higgins frequently grabbed and attempted to grab Plaintiff's buttocks. He made Plaintiff fearful by summoning her into his office, closing the door, and then making sexual advances and innuendo.

On April 17, 2012, Plaintiff reported Higgins' sexually harassing behavior to management. Ten days later, on April 27, 2012, BayCare terminated Plaintiff's employment for allegedly falsifying records. Plaintiff believes that she was terminated in retaliation for reporting Higgins' behavior.

Plaintiff asserts four claims in her complaint. Count I is a sexual harassment claim against BayCare under Title VII. Count II is a retaliation claim against BayCare under Title VII.

Count III is a negligent hiring and supervision claim against BayCare. Count IV is an intentional infliction of emotional distress ("IIED") claim against Higgins. In response to the complaint, Higgins filed the instant motion to dismiss.

### III.  Motion to Dismiss

Higgins contends that Plaintiff's IIED claim should be dismissed, because the alleged conduct does not rise to the level of outrageousness required in order to state such a claim. At the outset, this Court notes that "whether a person's conduct is sufficiently outrageous and intolerable as to form the basis for a claim of intentional infliction of emotional distress is *a matter of law for the court*, not a question of fact." Golden v. Complete Holdings, Inc., 818 F. Supp. 1495, 1499-1500 (M.D. Fla. 1993)(emphasis in original)(citation omitted); see also Borneisen v. Capital One Financial Corp., 490 Fed. Appx. 206, 213 (11th Cir. 2012)(citation omitted).

In order to state an IIED claim, a plaintiff must show "1) deliberate or reckless infliction of mental suffering by defendant; 2) by outrageous conduct; 3) which conduct of the defendant must have caused the suffering; and 4) the suffering must have been severe." Golden, 818 F. Supp. at 1499. While "there is no definitive example of what constitutes 'outrageous conduct,' . . . Florida case law on the subject has evinced a comparatively high standard." Id. Furthermore, the Florida Supreme Court has quoted the following explanation of outrageous conduct:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"

Metropolitan Life Insurance Co. v. McCarson, 467 So. 2d 277, 278-79 (Fla. 1985)(quoting Restatement (Second) of Torts §46 (1965)).

Plaintiff responds that Higgins' conduct was sufficiently outrageous, because it consisted of sexual harassment coupled with offensive touching.  However, the Court concludes that the facts alleged cannot be described as "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."

Florida courts are reluctant to allow IIED claims based on sexual harassment to proceed and do so in limited circumstances:

> The touchstone of these cases is the presence of relentless physical, as well as verbal, harassment. It is the element of offensive, non-negligible physical contact that, when coupled with persistent verbal abuse and threats of retaliation, can under some facts and circumstances constitute conduct of sufficient outrageousness to support a claim for intentional infliction of emotional distress.

Vernon v. Medical Management Associates of Margate, Inc., 912 F. Supp. 1549, 1559 (S.D. Fla.1996).

For example, in Johnson v. Thigpen, 788 So. 2d 410, 412 (Fla. 1st DCA 2001), the court let an IIED claim proceed that was based on the defendant's sexual harassment that included a nude picture of himself, repeatedly touching the plaintiff's breasts, running a pencil up the plaintiff's thigh, forcibly placing her hand on his crotch, as well as dictating to the plaintiff while urinating in the bathroom in his office.  Likewise, in Urquiola v. Linen Supermarket, Inc., 1995 WL 266582, at *4 (M.D. Fla. March 23, 1995), the court let an IIED claim proceed that was

based on the defendant's sexual harassment that included numerous occasions of kissing and groping the plaintiff, as well as an attempted rape.

However, the facts alleged in the instant case are not as extreme and are more akin to those in cases in which the courts did not allow an IIED claim to proceed. For example, in <u>Ball v. Helig-Meyers Furniture Co.</u>, 35 F. Supp.2d 1371, 1376 (M.D. Fla. 1999), the defendant's conduct included rubbing his penis across the plaintiff's buttocks, squeezing the plaintiff's buttocks while making a suggestive comment, and trying to touch or rub up against her breasts. Likewise, in <u>Blount v. Sterling Healthcare Group</u>, 934 F. Supp. 1365, 1370-71 (S.D. Fla. 1996), the defendant's conduct included hugging, several instances of rubbing the plaintiff's breasts with his arm, and one instance of massaging the back of the plaintiff's neck.

The Court acknowledges that the case law may depict a gray area regarding when sexual harassment that includes physical touching is sufficiently outrageous to support an IIED claim. While it is clear that Higgins' alleged conduct is unacceptable, the Court concludes that it is not sufficiently outrageous to support an IIED claim.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that Higgins' Motion to Dismiss Count IV (Doc. No. 23) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 3rd day of December, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record