UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JENNIFER GOGGIN,

    Plaintiff,

v.                                        Case No.  8:13-cv-2068-T-24 EAJ

JOHN HIGGINS IV and BAYCARE
HEALTH SYSTEM, INC.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court on Defendant BayCare Health System, Inc.'s ("BayCare") Motion to Dismiss Count III.  (Doc. No. 8).  Plaintiff opposes the motion (Doc. No. 16), and BayCare has filed a reply brief (Doc. No. 25).  As explained below, the motion is granted.

**I.  Standard of Review**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id.

at 1965 (citation omitted). While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II. Background**

Plaintiff Jennifer Goggin alleges the following in her complaint (Doc. No. 1): Plaintiff was employed by Defendant BayCare as a merchandise buyer. Plaintiff's supervisor was Defendant John Higgins.

Plaintiff contends that Higgins sexually harassed her and subjected her to unwanted sexual advances. Specifically, on one occasion, Higgins placed lingerie and body paints in Plaintiff's desk. On another occasion, Higgins offered to share pornography with her. Additionally, Higgins frequently grabbed and attempted to grab Plaintiff's buttocks. He made Plaintiff fearful by summoning her into his office, closing the door, and then making sexual advances and innuendo.

On April 17, 2012, Plaintiff reported Higgins' sexually harassing behavior to management. Ten days later, on April 27, 2012, BayCare terminated Plaintiff's employment for allegedly falsifying records. Plaintiff believes that she was terminated in retaliation for reporting Higgins' behavior.

Plaintiff asserts four claims in her complaint.  Count I is a sexual harassment claim against BayCare under Title VII.  Count II is a retaliation claim against BayCare under Title VII.  Count III contains negligent hiring and negligent supervision claims against BayCare.  Count IV is an intentional infliction of emotional distress claim against Higgins.[1]  In response to the complaint, BayCare filed the instant motion to dismiss Count III.

### III.  Motion to Dismiss

In Count III, Plaintiff alleges that BayCare had a responsibility to provide a safe work environment for Plaintiff.  Therefore, Plaintiff alleges that BayCare had a duty not to hire Higgins and a duty to supervise him to prevent his sexual harassment.  Plaintiff contends that as a result of BayCare's negligence, she was sexually harassed by Higgins for over six years.

BayCare moves to dismiss Plaintiff's negligent hiring and supervision claims, arguing that Plaintiff fails to state a claim.  As explained below, the Court agrees.

#### A.  Negligent Hiring

In order to state a claim for negligent hiring, Plaintiff must allege facts sufficient to show that (1) BayCare was required to make an appropriate investigation of Higgins and failed to do so; (2) an appropriate investigation would have revealed the unsuitability of Higgins for the particular duty to be performed or for employment in general; and (3) it was unreasonable for BayCare to hire Higgins in light of the information BayCare knew or should have known.  Garcia v. Duffy, 492 So.2d 435, 440 (Fla. 2d DCA 1986).  Thus, "[n]egligent hiring occurs when, prior to the time the employee is actually hired, the employer knew or should have known of the employee's unfitness." Tello v. Royal Caribbean Cruises, Ltd., 939 F. Supp.2d 1269, 1276

---

[1]On December 3, 2013, the Court granted Higgins' motion to dismiss Count IV.  (Doc. No. 26).

(S.D. Fla. 2013). Plaintiff, however, has not alleged any facts regarding the elements of this claim, and as such, her negligent hiring claim must be dismissed. See Pierre v. City of Miramar, Fla., Inc., 2013 WL 4750080, at *3 (11th Cir. Sept. 5, 2013).

Furthermore, this claim is deficient for an additional reason—a claim for negligent hiring must be based on an injury resulting from an underlying tort committed by Higgins that is recognized under Florida common law. See Siam v. Tampa Bay Downs, Inc., 2009 WL 997238, at *5 (M.D. Fla. April 14, 2009). In her complaint, the only tort that Plaintiff specifically alleges that Higgins committed was intentional infliction of emotional distress, and the Court has already found that she has not stated an intentional infliction of emotional distress claim. Furthermore, to the extent that her negligent hiring claim is based on Higgins' alleged sexual harassment, the claim fails because sexual harassment is not a tort that is recognized under Florida common law. See id.

The Court notes that Plaintiff argues, in her response brief, that Higgins committed a battery when he grabbed her buttocks. However, Plaintiff does not specifically allege battery as the underlying tort supporting her negligent hiring claim in her complaint, and even if she had, the claim is still deficient for the other pleading deficiencies described above.

**B. Negligent Supervision**

Plaintiff also asserts a negligent supervision claim, which differs from a negligent hiring claim:

> Negligent supervision occurs when during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further actions such as investigation, discharge, or reassignment. The plaintiff must allege facts sufficient to show that once an employer received actual or constructive notice of

>problems with an employee's fitness, it was unreasonable for the employer not to investigate or take corrective action.

Department of Environmental Protection v. Hardy, 907 So. 2d 655, 660 (Fla. 5th DCA 2005)(internal citations omitted).  Plaintiff, however, has not alleged that BayCare had actual or constructive knowledge of Higgins' harmful propensity, and as such, this claim must be dismissed.  See Blue v. Miami-Dade County, 2011 WL 2447699, at *4 (S.D. Fla. June 15, 2011)(stating that "in alleging a cause of action for negligent supervision . . . , the burden is on the plaintiff to show that the employer had notice of the 'harmful propensities' of its employee"); Inman v. American Paramount Financial, 517 Fed. Appx. 744, 748 (11th Cir. 2013).

Furthermore, this claim is deficient for an additional reason—a claim for negligent supervision must be based on an injury resulting from an underlying tort committed by Higgins that is recognized under Florida common law.  See Wheeler v. Blackbear Two, LLC, 2012 WL 3596128, at *2 (M.D. Fla. Aug. 21, 2012).  As stated above, Plaintiff has failed to sufficiently plead an underlying tort.

**IV.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that BayCare's Motion to Dismiss Count III (Doc. No. 8) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of December, 2013.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record